John D. Bennett, S.
This is a proceeding to compel the executor herein to account. The parties have agreed on the facts. The petitioner is the administratrix of the estate of her husband, Michael Bello, who was a party to a compromise agreement in this estate by which he became entitled to the sum of $428.15. The executor communicated with Michael Bello and requested that he execute a receipt and release, whereupon the executor would pay the $428.15. Michael Bello refused to execute the receipt and release and payment was never made to him;
*598 The defense of the executor herein rests on the ground that, the compromise was based on a stipulation of settlement dated April 2, 1949, and consequently the Statute of Limitations has run and the claim herein is barred. It is admitted that the executor has the funds to pay this claim and interest has been waived thereon by the petitioner.
The relief sought herein, namely, that the executor be compelled to render and settle his- accounts as such executor, does not seem warranted under the facts as stated. The executor does not dispute the validity of the original debt owing to the petitioner, nor is there any evidence that the executor notified the petitioner that his claim was rejected. The petition before the court is, in reality, in the nature of a proceeding to require the executor to show cause why he should not be required to pay petitioner’s claim, and this court will consider this such a proceeding.
The court finds that the Statute of Limitations does not bar petitioner as administratrix of the estate of Michael Bello from asserting her right to the fund in question. The court will require the executor to pay the sum of $428.15 to the petitioner without interest thereon or costs to either side.